FILED
2005 Nov-18 PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| DANNY LEE ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:02-cv-2584-RRA |
| ) | |
| DAVID ABSTON, Sheriff, et. al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF OPINION

This is a civil action brought pursuant to 42 U.S.C. § 1983 filed by the plaintiff, Danny Lee Rogers. In his *pro se* complaint, plaintiff makes numerous constitutional claims against Sheriff David Abston, Supervisor Peggy Easter and Officer Leroy Bryant. Plaintiff seeks monetary relief for the alleged constitutional violations. Defendants filed a motion for summary judgment.

On August 15, 2005, the magistrate judge entered a report and recommendation, recommending that defendants' motion for summary judgment be granted in part and denied in part. (Doc. 37). On August 30, 2005, defendants Abston and Easter filed objections to the report and recommendation. (Doc. 38). On October 21, 2005, the magistrate judge filed an amended report and recommendation. (Doc. 41). No further objections have been filed.

Having thus carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation, defendants' objections, and the amended report and recommendation, the Court is of the opinion that the magistrate judge's findings of fact and conclusions of law are due to be and are hereby ADOPTED and his recommendations are ACCEPTED. Accordingly,

1.  This Court **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to plaintiff's Eighth Amendment medication claims against defendants Abston and Easter. Therefore, the motion for summary judgment filed by defendants Abston and Easter is due to be **GRANTED**, and they are entitled to judgment in their favor as a matter of law.

2.  This Court also **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to plaintiff's Eighth Amendment conditions of confinement claim against defendants Abston, Easter and Bryant as same pertains to the jail dayroom. Therefore, the motion for summary judgment filed by defendants Abston, Easter and Bryant is due to be **GRANTED**, and defendants Abston, Easter and Bryant are entitled to summary judgment as a matter of law.

3.  This Court also **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to plaintiff's Eighth Amendment claim against defendants Abston and Easter as same pertains to his inability to sleep at night. Therefore, the motion for summary judgment filed by defendants Abston and Easter is due to be **GRANTED**, and defendants Abston and Easter are entitled to judgment in their favor as a matter of law.

4.  This Court also **EXPRESSLY FINDS** that there are genuine issues of material fact with regard to the First and Eighth Amendment claims against defendants Easter and Abston pertaining to books, magazines, television, etc. Therefore, the motion for summary judgment filed by defendants Abston and Easter is due to be **DENIED.**

An appropriate order will be entered.

Done this 18th day of November, 2005.

U.W. Clemon
Chief United States District Judge